The next case for argument is 23-2408 Batson v. Collins. Mr. Niles, please proceed. Thank you, Your Honor, and may it please the Court. The Veterans Court urged, because it misinterpreted 38 U.S.C. Section 7105d, to require an appellant to identify an issue that the VA's lower tribunal expressly addressed. Section 7105d does not require an appellant to identify an issue that the lower tribunal expressly addressed. It instead exists alongside 38 U.S.C. Section 7104a, which defines the Board's jurisdiction as embracing all questions in a matter which is subject to decision and imposes essentially a pleading requirement, where Section 7105d requires the appellant at risk of dismissal to identify the issue that the appellant is bringing up then for appeal. Isn't the case that was adjudicated here, the complaint here, I may be wrong, but his challenge of the effective date for the ANA for pension, and that's the case, the issue that went up and down, and that the issue of the arguably remaining compensation issue from 1993 was raised for the first time on this long remand, you put it before the Board and the Board didn't address it. Am I missing something here? What was being adjudicated and what the Board and the CAVC, and perhaps the IRL thought they were adjudicating, was this claim with respect to the effective date of the ANA? I do believe there is confusion here and has been confusion here. Mr. Batson, since 1993, he went in for surgery to be a VA. There's no doubt, there was an issue with respect to what was preserved and what was done in 1993, but I'm focusing on what was adjudicated in the case before us. The case before us, and this is really the question here, so for years, the up and down and up and down, the issue that was expressly addressed by VA and the courts was special monthly pension. Was it the ANA dealing with the pension and the effective date of that ANA? Yes, Your Honor. So September 20th. Did it involve the argument that you say was not disposed of in the 1993? That's an issue. That may be an issue. You may win, you may lose, but is it not a different issue than the one that was adjudicated in the claim before us? So Mr. Batson's position... Can you not answer yes or no? I'm having trouble making sure that I understand the question, so perhaps I should just ask to rephrase, Your Honor. Well, I'm not going to rephrase it. Okay. Is what was it... The claim before us deals with the... Does it not deal with the effective date of the 1993 ANA? And is that not separate and distinct from the claim which you may or may not have with respect to whether or not your claim for compensation in 1993 was ever adjudicated? Thank you, Your Honor. I believe I now understand your question. The issue that is before this court is not special monthly pension or special monthly pension on the basis of aid and attendance. It is instead, is Mr. Batson's entitlement to adjudication from the board of his right to adjudication from the regional office of compensation. So pension and compensation are different benefits, and a veteran is entitled only to the... I understand, but that's... What was... This case that went up and down, did it deal with whether or not there should be compensation or pension, or did it not deal exclusively with the effective date of the ANA, which was issued under pension? Until April 2018, it was pension, pension, pension. Okay. And then 2018... So this case we're talking about has been up and down and up and down, and now in 2018, it's back at the board. Yes, Your Honor. So you acknowledge that for the first time, with respect to this particular appeal, this particular complaint, you now bring in something different or new. Is that... That's correct. In April 2018... Okay. So my question is, you raised it as an argument before the board, and the board didn't even address it. Why didn't you appeal the board decision then? The board decision was a remand order, and this court's presence that they're currently So you think the error here was that the board should have adjudicated this new argument while... With the case on remand, because you raised a new and additional argument that, hey, we ought to go... There's this 1993 thing hanging out that was never adjudicated. So you think that's the way the system compels? No, Your Honor. There's a slight tweak here. Mr. Batson is not saying that the August 2018 board erred by not addressing this argument. Instead, when the board remanded this case back to the regional office, there's no form that the VA has prescribed to request adjudication of the long unadjudicated issue. And so when this case went back to the regional office in August 2018, at that point, appendix pages 148 to 158, there's this request for adjudication of this compensation issue. I'm sorry, that was a request made to the RO or the board? The request that was directed to the board. And it might be a problem for Mr. Batson that he... And then, I'm sorry. And then what happened? And so... What is the appendix that you just gave? I'm sorry, 148 to 158. Okay. It's the April 2018 argument. Right. And then what happened? And so then what happened is the case went back to the regional office. The regional office reviews the record, and you can see this at appendix page 170, where the September 2019 regional office decision says, and the evidence listed, that it's looked at the entire claims file, which would have included in appendix 148 to 158, that request for adjudication for the compensation issue. And so the regional office now has reviewed this request for adjudication, does not grant this request for adjudication, and Mr. Batson then files a notice of disagreement with the page 182. What is the legal authority for your saying that the RO was compelled, based on the submission you made to the board, to now adjudicate for the first time the question of the 1993 compensation line? It is... And there are... It's the concept that any claim, right, that is before the VA, then, is due adjudication by the VA. And so, Your Honor, construing the VA form 526 that Mr. Batson filed in 1993 to encompass this... Okay. Well, let's say I have a complaint, and it's for 100... I want 100% disability for a dislocated shoulder. And it goes up, it gets reversed by us, I'm denied, and it's sent back, and they've got to adjudicate the effective date of my shoulder injury. And it goes back at every step, and you get to the RO, and you say, hey, I have a claim for a foot injury. Is the RO supposed to adjudicate both the claim for the shoulder, which was in the complaint that we're dealing with, and then also, are they required to adjudicate anew this claim for a foot injury, which wasn't included in this complaint that's been going up and down the food chain? Yes, Your Honor. It's no longer, so long as the veteran uses the prescribed VA form for a new formal claim for the foot injury in that case. And that is a situation where VA has a prescribed form. It's now the VA form 21-526EZ, very close to what Mr. Batson used in 1993 here, the application for pension or compensation. If the regional office in that circumstance says, hey, I don't like how you presented this foot claim. You need to use the standard form. What you did is you instead put this in an argument. The regional office will issue a letter to the veteran saying, you used the wrong form. Use a VA form 21-526EZ. In other words, the wrong form meaning you need to file a separate and distinct and new claim over this issue. Would that be what they said?  So, are you saying their failure here is that they didn't tell the claimant, you need to use a different form and file a new claim or do something different? Either that or preferably, Your Honor, that the way that Mr. Batson has presented the request for adjudication for this compensation issue is just fine and then go ahead and issue the decision as to entitlement to the compensation going back to 1993. I don't understand the answer. Are you saying that the RO, what was the RO required to do that they did not do? The RO is required to adjudicate entitlement to this retroactive compensation. I thought they don't have any authority to say, hey, this wasn't part of the claim. You need to file a new claim on this foot injury because this case is about a remand for the shoulder injury, effective date, and had nothing to do with the foot injury so you need to file another claim on this. Does the RO not have the authority to do that? It does have the authority to do that and that is one reason why Mr. Batson appealed. Why Mr. Batson? I didn't hear you. Appealed. I'm sorry. So the implicit denial doctrine is alive and well and we know that from this course. But if the RO had the authority to do that, then what is you saying that they didn't do? What is the error here? That they should have sent him a separate thing telling him that explicitly and that they failed to do that and that's the error here that you're appealing? That is the regional office's error that Mr. Batson appealed to the board. The board and then the veterans court's error that he is appealing to this court is the board slammed the door in his face and refused to adjudicate that entitlement to adjudication. But you just, I thought, maybe misunderstood that you told me that the RO had the authority to slam it in his face but what they did wrong was not tell him, hey, sorry, you got to file a new claim. Am I right about that? So I apologize. I was trying to be very direct and then explain. The board in theory, in concept, is within the scope of the regional office's authority, within the scope of authority to reject a claim as being on the ROC form. In this case, Mr. Batson's position is that he did everything he needed to do by putting the issue, yes, not to the regional office in the first instance, but in April 2018 to the board and that entire case came back down to the regional office in August 2018 at that point. Isn't, wasn't the case that went back down the question of what the effective date is for the ANA on pension? Wasn't that the case? So you're saying, you're not acknowledging that this was an additional claim or whatever we want to call it that he raised for the first time in connection with this adjudication when it was on its way down having been adjudicated as exclusively just a claim for the effective date of the 1993 ANA pension? I suppose, Your Honor, it does not ultimately matter whether the retroactive compensation was before the board from April 2018 to August 2018. At that point, August 2018, no matter whether the board had it and then remanded it or never had it at all, as of August 2018, the case is back with the regional office and the case includes this request for adjudication of this retroactive compensation issue. And you said the RO has the authority to deny it and say it would be okay if the RO said, hey, this is a new and different argument that wasn't part of the remand. You got to file something different. The RO has in concept the authority to do that. Mr. Batson would submit that the RO should not, the RO instead should adjudicate this long pending unadjudicated compensation. But is that reversible error by the RO? Yes, Your Honor. So you're not saying the RO had discretion to say, hey, you got to file a separate claim. The issue before us is discreet. You're saying that that's legal error for the RO if new claims come in, like the new foot claim complaint at the end of a long process on remand about my shoulder, that the RO is legally compelled to adjudicate that separate claim. I will answer Your Honor's question. I will say that this is going into the merits issue that would go to the board, that the board refused to address because it dismissed the appeal on the basis that Mr. Batson had not identified specifically or sufficiently the specific determination by the regional office. The specific answer to Your Honor's question is the regional office, if there is a prescribed VA form that the claimant does not use, they are in certain circumstances permitted to send that back and say, we need the specific prescribed form. In a circumstance like that... Can I just ask you one question before you sit down? So as I understand things, and you can correct me, there's a longstanding regulation, I think enacted in 2011, that tells the board that it shall refer unadjudicated claims to the RO. And so the most you could get out of your argument here is a referral from the board back to the RO to have the RO adjudicate what you say is a claim that has been pending since August of 1993. Not a new claim, but a claim that has been there for 32 years. And why, if that is right, is there any harmful error, if there's error at all, in the interpretation of 7105 here? Because it can already do that. When Mr. Batson has, and I'll say that the harm is that when Mr. Batson receives the September 2019 decision, and this is actually in January 2020, but when he receives that regional office decision, and is looking and he sees the issue of special monthly pension being adjudicated and silenced as to special monthly compensation, he is worried about implicit denial. If he does not raise his hand and file a notice of disagreement seeking adjudication of, and all he wants is agency of original jurisdiction, the regional office determination of his compensation issue. But to preserve that right, and even as this court in Steele v. Collins in upholding some implicit denial doctrine, there's an issue. But if there's, let's suppose, I guess we're about to find out, but if the government agrees that the RO, without loss of effective date to August 1993, can in fact today adjudicate that claim, either to say that it's been lost or whatever it is, then I don't understand what harm there is, even if there's error in the veterans courts interpretation of 7105 as strictly limited to board review only of actual decisions by the RO as opposed to either refusals to decide or failures to decide. If the government were to make that concession, which Mr. Batson would welcome, then yes, the discussion here would change from everything we've been saying to one of mootness. And so I will look forward to hearing what my friend says, and would be grateful for any time the court can restore for rebuttal. Would there be any difference if the government conceded only that you can file a new claim any time? This isn't about effective date, so that you want the time that you raised it to the board in 2018 as opposed to today? Is that what's at stake here? Yes, Your Honor. The difference is effective date. A new claim would start today, and recognition of this already pending unadjudicated claim would go back to 1993, potentially. Okay. Let's hear from the judge. Thank you, Your Honor. Good morning. Good morning, Your Honor. May it please the court. I want to address Judge Toronto's point first. We do agree that the RO can now adjudicate this allegedly pending 1993 claim for compensation. A new claim could be filed. There's no question about effective date, because if we're talking about a pending unadjudicated claim, and if the RO were to determine that, in fact, this claim has been pending since 1993, then the effective date would be 1993. There would be nothing lost if Mr. Batten went to the RO right now, filed a new claim saying, I'm entitled to service connection for vision loss, and then the RO could deny, obviously, could grant the claim with an effective date of today, and then he could file a notice of disagreement saying the effective date should be 1993, because really this claim has been pending since 1993. So nothing- Can I just double check on something, just so that I either confirm or deny that I've understood how some things relate to each other. There was discussion in the Bean decision of the Cogburn decision, and the Cogburn decision said, the Bean decision was basically about board to veterans court. We're talking here about RO to board, but that's a piece along the way of the analysis in Bean, and it cites Cogburn. And Cogburn, in turn, says that the board does have jurisdiction to review a RO refusal to consider a claim there, an unadjudicated claim the RO, I think, had said too late, basically. But there's a footnote in Cogburn that's dropped that says, in DiCarlo against Nicholson, we stated that the appropriate procedure for a claimant who believes that his claim is unadjudicated is to pursue resolution of the claim by the regional office. It didn't say pursue by what means, and I think you just stated that there doesn't have to be a new claim, just some kind of communication. And are we talking about the same thing? Yes, I would agree with that. I'm not aware if there's a specific procedure by which you could do this, other than file the new claim form, just asserting a new claim for service connection for the same condition that he was allegedly asserting service connection for in 1993, and then allow the RO to argue that the effective date should be 1993 before the RO. So all of this is making me think that there's actually nothing really at stake here, but I just want to ask, I guess, a question on what would amount to the merits of the 7105 scope question. How is that squarable with what's now 20.904B, what I guess for a long time was 19.9 or something in the regulation? It says, the board shall refer to the agency of original jurisdiction for appropriate consideration and handling in the first instance all claims reasonably raised by the record that have not been initially adjudicated by the agency of original jurisdiction, with the exception, never mind the exception. That seems to me to say, unless the regulation is exceeding its authority, that 7105 is not limited to matters that the RO has already decided. I mean, yes, that regulation does say that the board can refer. Shall refer. Doesn't have any choice about it. Right. Shall refer. I'm not sure I understand your question about how that relates. I thought what the Veterans Court said about 7105 and your position about 7105 is that the board lacks jurisdiction to address a matter that hasn't been decided by the RO. And if it's obligated to take action by way of not dismissing but referring over a matter that has not been adjudicated, that interpretation of 7105 seems a little too strict. It's questionable whether this was an issue of jurisdiction per se. The board says jurisdiction. It cites 7104. 2105, I believe, or 2.205. And it also cites 7105. But 7105 itself is not jurisdictional. I don't think the word jurisdiction here has any consequence at all. The question is whether it has authority to address the matter. And his argument was that I presented this unadjudicated claim to the RO. The RO didn't adjudicate it. I would like you, the board, to do something about it. And the board said, hasn't been decided, can't. 7105D, to me, seems to give the board discretion to dismiss. It says the board may dismiss any appeal which fails to identify the specific determination with which the claimant disagrees. That's what happened here. The NOD specified an entirely different issue, entirely a determination that was never reached. And the board then, under 7105, could have dismissed. So tell me, again, the specifics of how far you think we could go. I mean, do we reverse, vacate, and send it back to the board to send it back to the RO to adjudicate this other claim? What is the mechanism? I mean, if this court were to determine that the board should have exercised jurisdiction or, not necessarily a jurisdictional question, but should not have dismissed here, then, yes, it would have to go all the way back to the RO because the board... But do you agree with that? I mean, initially, you gave some, I won't call it a concession, but it's, you know, what is the breadth of that concession in terms of what you think we could do? Well, when I started, I was talking about what Mr. Batson could do at this point, not necessarily what this court could do. So Mr. Batson could go to the RO and file a claim and argue a 1993 effective date, which is why this court doesn't really need to do anything with this case because there's no harm, as Judge Toronto has asked about. There's no really harm here because he could go back and make this claim that there was a 1993 pending claim for service connection. And if the RO agreed that there was a pending claim, then he could get disability benefits all the way back to 1993. What I understand you to be saying is even if he won on this appeal, all we could do for him is give him the right to do what he can already do. I guess he wouldn't have to file a piece of paper at the RO because we would be sending that paper for him back to the RO. Yes, there might be slight procedural differences, but the ultimate outcome would be the same. Can I ask you, this may relate to the questions Judge Toronto was asking you, but you contend that it is a fundamental proposition that there must be an adjudication of a claim before it can be appealed. Mr. Batson says in his reply brief, it's not a fundamental proposition, and you don't cite any authority for what would make it a fundamental proposition. Do you have a response to that? Is it really a fundamental proposition? Of course, I'm talking about in the context of veterans' appeals. Is it truly fundamental that there must be an adjudication of a claim before it can be appealed? Sure, and we cite in our brief a number of points in the statutes and the regulations which talk about these words like decision that is appealed from 7105 talks about a determination, 7104A talks about all questions in a matter subject to a decision by the secretary shall be subject to one review on appeal. So we think that that type of language means that there has to be some sort of decision that can then be appealed. Thank you. Thank you. Thank you, Your Honors. Two quick points, one on the mechanism. Mr. Batson requests that this court reverse the veterans' court's by affirmance with instructions to the veterans' court to reverse the board's dismissal and remand with instructions for the board to address in the first instance the merits issue of Mr. Batson's appeal to it on the adjudication entitlement to the compensation issue. I also heard my friend not quite concede that Mr. Batson could write a letter or have what he has already put in accepted by the regional office. You could just call it a decarlo communication. A decarlo communication. Perfect, Your Honor. I would need to see the regional office accepting the decarlo communication that's already there as opposed to filing a new formal claim application. There is just a landmine of difficulties there, getting earlier effective dates based on them. There is a hard cap right now, understanding of VA. But if VA does accept this decarlo communication from April 2018 and issues a decision as to this earlier entitlement to compensation, then that is certainly something, again, Mr. Batson would welcome. He also would be willing and be happy to follow up on this to put some sort of stay to see if that happens. Thank you.